IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANUEL GUERRERO,

    Petitioner,

    v.                                    CASE NO. 18-3068-JWL

N.C. ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. Petitioner challenges his designation as a career offender. The Court has screened his Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

## Background

On September 3, 2010, Petitioner was sentenced in the Northern District of Texas to 235 months' imprisonment following his guilty plea conviction for conspiracy to possess 100 kilograms or more of marijuana with intent to distribute. *United States v. Guerrero*, No. 10-cr-00067-A-1 (N.D. Tex.) (Doc. 37). Petitioner appealed, claiming "that the district court erred in applying the career offender enhancement because one of his Texas state convictions on which the district court relied was obtained in violation of his Sixth Amendment right to counsel." *United States v. Guerrero*, 460 F. App'x 424 (5th Cir. 2012). The Fifth Circuit affirmed the judgment of the district court. *Id.* at 426.

1

Petitioner filed a § 2255 motion on May 2, 2013, claiming ineffective assistance of counsel (which he later withdrew), and that the court's determination of his career offender status, and subsequent enhancement under section 4B1.1 of the United States Sentencing Guidelines, violated his Fifth Amendment rights. *Guerrero v. United States*, No. 4:13-cv-00367-A (N.D. Tex.). The district court denied the motion on June 28, 2013, finding no basis for his claim because the conviction Petitioner was challenging had not been overturned or vacated. *Id*. at Doc. 11. On June 19, 2017, Petitioner filed a second § 2255 motion in the district court, seeking to vacate his career offender enhancement based on the decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017). *Guerrero v. United States*, No. 4:17-cv-00498-A (N.D. Tex.) (Doc. 1). On June 20, 2017, the district court dismissed the motion as a second or successive § 2255 motion filed without leave from the Fifth Circuit. *Id*. at Doc. 4. On July 24, 2017, Petitioner filed another motion which the district court denied as another second or successive motion under § 2255. *Guerrero v. United States*, No. 17-cv-00604-A (N.D. Tex.) (Doc. 4).

Petitioner filed a Motion to Correct Plain Error in his criminal case on August 21, 2017, arguing for relief under *Mathis*, *Hinkle*, and *Tanksley*, which the district court denied on August 22, 2017. *United States v. Guerrero*, 10-cr-00067-A-1 (N.D. Tex.) (Docs. 66, 67). In denying relief, the district court noted that the motion was another attempt to seek relief without leave of the Fifth Circuit. *Id*. at Doc. 67. The district court further noted that *Mathis* "has not been made retroactive." *Id*. (citing *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016)).

On March 21, 2018, Petitioner filed the instant petition under 28 U.S.C. § 2241, again arguing for relief under *Mathis*, *Hinkle*, and *Tanksley*. Petitioner invokes the savings clause of

§ 2255(e), arguing that § 2255 is inadequate or ineffective to test the legality of his detention.

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims. Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous

result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id.* (emphasis in original).

Petitioner argues that he is entitled to relief under *Mathis*, *Hinkle*, and *Tanksley*.   When a petitioner is denied relief on his first motion under § 2255, he cannot file a second § 2255 motion unless he can point to either "newly discovered evidence" or "a new rule of constitutional law," as those terms are defined in § 2255(h).   *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished) (citing *Prost*, 636 F.3d at 581).

It does not appear that Petitioner sought authorization from the Fifth Circuit to file a second or successive § 2255 motion, and Petitioner does not argue that the cases he relies on are "a new rule of constitutional law."   Regardless, preclusion from bringing a second motion under § 2255(h) does not establish that the remedy in § 2255 is inadequate or ineffective.   Changes in relevant law were anticipated by Congress and are grounds for successive collateral review only under the carefully-circumscribed conditions set forth in § 2255(h).   The Tenth Circuit has rejected an argument that the "current inability to assert the claims in a successive § 2255 motion—due to the one-year time-bar and the restrictions identified in § 2255(h)—demonstrates that the § 2255 remedial regime is inadequate and ineffective to test the legality of his detention." *Jones v. Goetz*, No. 17-1256, 2017 WL 4534760, at *5 (10th Cir. 2017) (unpublished) (citations omitted); *see also Brown v. Berkebile*, 572 F. App'x 605, 608 (10th Cir. 2014) (unpublished) (finding that petitioner has not attempted to bring a second § 2255 motion, and even if he were precluded from doing so under § 2255(h), that "does not establish the remedy in § 2255 is inadequate") (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) and *Prost*, 636 F.3d

at 586).   If § 2255 could be deemed "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction—subsection (h) would become a nullity, a 'meaningless gesture.'"   *Prost*, 636 F.3d at 586; *see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

Petitioner argues that the decision in *Mathis* is a new interpretation of statutory law.   The AEDPA "did not provide a remedy for second or successive § 2255 motions based on intervening judicial interpretations of statutes." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013), *cert. denied* 134 S. Ct. 1874 (2014).   However, prisoners who are barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under the savings clause in § 2255(e).   *Id.*   However, § 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances."   *Id.* (citations omitted).

Petitioner argues that he meets the savings clause tests adopted in other circuits. Petitioner acknowledges that there is a split among the circuits regarding the applicability of the savings clause, and urges the Court to issue its own interpretation.[1]   However, the Tenth Circuit has addressed the question of "whether a new Supreme Court decision interpreting a statute that may undo a prisoner's conviction renders the prisoner's initial § 2255 motion 'inadequate or ineffective.'"   *Haskell*, 510 F. App'x at 744.   The Tenth Circuit answered the question in the negative in *Prost*, holding that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may not resort to . . .

---

[1] Petitioner urges this Court to disregard or "overrule" *Prost*.   This Court is bound by Tenth Circuit precedent. *United States v. Spedalieri*, 910 F.2d 707, 709, n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits.") (citations omitted); *see also Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 n.6 (10th Cir. 2017) ("[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.") (quoting *Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015)).

§ 2241." *Prost*, 636 F.3d at 584.

Nothing about the procedure of Petitioner's prior § 2255 motion prevented him from making this same argument despite the fact that the Supreme Court decision he seeks to rely on was not in existence yet.[2]   The Tenth Circuit has concluded that although a petitioner may have benefitted from a cite to a Supreme Court decision announced after his § 2255 motion, this is not reason enough to find the original § 2255 motion "inadequate or ineffective."   *See Prost*, 636 F.3d at 589; *Haskell*, 510 F. App'x at 745; *Sandlain*, 2017 WL 4479370, at *3 ("Nor does it matter that *Mathis* was not in existence at the time he filed his initial § 2255 motion").

Petitioner argues that prior to the decision in *Tanksley*, his argument was foreclosed by the Fifth Circuit's decision in *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007).   However, § 2255 is not "inadequate or ineffective" merely because adverse circuit precedent existed at the time. *Abernathy*, 713 F.3d at 548 (citing *Prost*, 636 F.3d at 590–93); *Sandlain*, 2017 WL 4479370, at *3 ("[E]ven assuming there was contrary circuit precedent, nothing prevented him from raising the argument in his initial § 2255 motion and then challenging any contrary precedent via en banc or certiorari review.").   The Tenth Circuit created a new savings clause test in *Prost* and declined to follow the previous test used under *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).   *Abernathy*, 713 F.3d at 541, 545–46, n.6–7 (10th Cir. 2013).   The Tenth Circuit has also rejected the argument that the decision in *Prost*—rejecting the erroneous circuit foreclosure test—violates equal protection.   *Brown*, 572 F. App'x at 608 ("We reject this argument because a circuit split does not deny Mr. Brown equal protection.") (citations omitted).   Petitioner *could* have made his argument, regardless of the likelihood of success on such an argument, even if it was foreclosed by then-controlling circuit precedent.   *Abernathy*, 713 F.3d at 548.   "The savings

---

[2] The Court expresses no opinion on the applicability of *Mathis* to Petitioner's claim.   *See Haskell*, 510 F. App'x at 745, n.4; *see also Sandlain v. English*, No. 17-3152, 2017 WL 4479370, at n.8 (10th Cir. 2017).

clause doesn't guarantee results, only process." *Id.* (quoting *Prost*, 636 F.3d at 590).

Petitioner, like the petitioner in *Abernathy*, argues that he is "actually innocent" of the sentence enhancement.   In *Abernathy*, the Tenth Circuit noted that although other circuits "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' . . . [u]nder the *Prost* framework, a showing of actual innocence is irrelevant."   *See also Sandlain*, 2017 WL 4479370, at *4 (finding that petitioner's claim that § 2255 is inadequate or ineffective because he is actually innocent of the career offender enhancement under *Mathis*, merely restates the argument he could have brought in his initial § 2255 motion, and possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence); *see also Brown*, 572 F. App'x at 608–09 (rejecting argument that petitioner is actually innocent and that the court's failure to follow the other circuits in *Prost* violated the Supreme Court's "fundamental miscarriage of justice" exception); *see also Boose v. Mays*, No. 13-3016-RDR, 2014 WL 298604, at *4 (D. Kan. Jan. 28, 2014) ("[I]t has generally been held that § 2255's savings clause cannot be invoked to challenge a sentence enhancement rather than the underlying conviction.") (citations omitted).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective.   *Hale*, 829 F.3d at 1179.   Petitioner has failed to meet that burden.   The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction.   Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 9th day of April, 2018.**

**s/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**